**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                     **Crim. Action No. 1:20-CR-74-19**
                                                                                         **1:21-MC-33**

**MORGAN JANES,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION, REMANDING CASE TO THE DISTRICT COURT, AND GRANTING MOTION TO DISMISS INDICTMENT**

On May 1, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the District Judge consider Defendant Morgan Janes ("Janes") as having successfully completed the requirements of the Drug Court Program. ECF No. 1856. The R&R recommended that the case be remanded to the district court pending sentencing. On May 3, 2024, the Government filed a motion to dismiss the Indictment as it pertains to Janes. ECF No. 1857.

The R&R noted that each party had fourteen (14) days from the filing of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further stated that "[f]ailure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." To date, no objections

**ORDER ADOPTING REPORT AND RECOMMENDATION, REMANDING CASE TO THE DISTRICT COURT, AND GRANTING MOTION TO DISMISS INDICTMENT**

have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 1856]. For the reasons cited in the R&R and the Government's motion, the Court hereby **FINDS** and **ORDERS** as follows:

- Janes has successfully completed the requirements of the Drug Court Program;
- The R&R is **ADOPTED** [ECF No. 1856];
- This action is **REMANDED** to the District Court;
- The Government's motion to dismiss is **GRANTED** [ECF No. 1857];

**ORDER ADOPTING REPORT AND RECOMMENDATION, REMANDING CASE TO THE DISTRICT COURT, AND GRANTING MOTION TO DISMISS INDICTMENT**

- The Indictment is **DISMISSED** as it pertains to Janes.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: May 17, 2024

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA